IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH TODARO, Sr., | : |
|     Petitioner | : |
|     v. | : Case No. 3:21-cv-205-KAP |
| BARRY SMITH, SUPERINTENDENT, | : |
| S.C.I. HOUTZDALE, | : |
|     Respondent | : |

<u>Memorandum Order</u>

    Petitioner, on or about November 26, 2021, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF no. 1. Petitioner challenges the 15-30 year sentence imposed in <u>Commonwealth v. Todaro</u>, CP-11-CR-265-2017 (C.P.Cambria), after petitioner entered a negotiated counseled plea of guilty to rape of a mentally disabled person and to failure to comply with sex offender registration requirements. The respondent concedes the timeliness of the petition but moves to dismiss it because petitioner has defaulted his claim. ECF. no. 6. That motion is granted for the reasons discussed below.

    The relevant procedural history is set out by the Pennsylvania Superior Court in <u>Commonwealth v. Todaro</u>, 253 A.3d 314 (table), *text at* 2021 WL 1617108 (Pa.Super. April 26, 2021), *appeal denied*, No. 176 WAL 2021, 2021 WL 4891612 (Pa. October 20, 2021), its opinion affirming the denial of petitioner's second PCRA petition:

    On May 3, 2018, Appellant entered a negotiated guilty plea to Rape of a Mentally Disabled Person and Failure to Comply with Registration Requirements. On August 16, 2018, the court sentenced Appellant to the negotiated aggregate sentence of 15-30 years' incarceration. Appellant did not file a direct appeal.
    On December 31, 2018, Appellant pro se filed his first PCRA Petition alleging that, inter alia, the Commonwealth coerced him into accepting his plea agreement. See PCRA Petition, 12/31/18. The PCRA court appointed Timothy S. Burns, Esq. ("Attorney Burns") to represent Appellant. Attorney Burns filed a Motion to Withdraw accompanied by a Turner/Finley "no merit" letter. After a hearing, the court dismissed Appellant's Petition and permitted Attorney Burns to withdraw. Appellant did not appeal.
    On August 5, 2019, Appellant pro se filed the instant PCRA Petition, his second. The PCRA court appointed counsel, who filed an amended Petition on September 12, 2019. Appellant argued that his plea counsel was ineffective for failing to file a direct appeal. Amended PCRA Petition, 9/12/19, at ¶¶ 3-7. He also alleged plea counsel errantly advised him that he could face a mandatory life sentence if convicted at trial and, therefore, his plea was not knowing and voluntary. Motion to Withdraw, 7/14/20, at ¶ 5.
    On July 14, 2020, Appellant's counsel filed a Motion to Withdraw accompanied by a Turner/Finley "no merit" letter.
    The court held a PCRA Hearing on August 25, 2020. It concluded that Appellant's Petition was without merit and, by Order filed August 26, 2020, dismissed Appellant's Petition, and granted his counsel's Motion to Withdraw.
    Appellant pro se filed a timely Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues for review:

> 1. Whether the PCRA court failed to address the summarized grounds Appellant[ ] timely submitted to the PCRA court?
> 2. Whether the PCRA court erred when the court relied upon court appointed [counsel's] Turner/Finley no merit letter, whereas the Appellant[ ] had other meritorious grounds for appeal?
>
> Appellant's Br. at 3 (unnecessary capitalization omitted).
>
> Both of Appellant's issues involve allegations of plea counsel ineffectiveness. He believes the PCRA court should have granted him a new trial because plea counsel failed to (1) spend adequate time with Appellant; (2) investigate his case; (3) advise him of potential defenses; and (4) challenge the sufficiency of the Commonwealth's evidence to prove a prima facie case against him. Id. at 6-9. Importantly, Appellant does not challenge the effectiveness of his counsel for his first PCRA petition, attorney Burns. Rather, Appellant only challenges the effectiveness of plea counsel.
>
> Before considering the merits of Appellant's issues, we must determine whether he has preserved them for our review. An appellant waives any issue that he "could have raised but failed to do so before trial, at trial, ... on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).
>
> Appellant's first opportunity to challenge his plea counsel's effectiveness was in his first PCRA Petition filed December 31, 2018. Appellant failed to do so and, therefore, he has waived consideration of these issues. 42 Pa.C.S. § 9544(b). See Commonwealth v. McGill, 832 A.2d 1014, 1021-22 (Pa. 2003) (discussing proper procedure for challenging effectiveness of counsel other than immediate prior counsel). Thus, the PCRA court properly dismissed this Petition.
>
> Appellant raises a new issue in his Brief titled "Constitutional Right of Confrontation and Due Process." Appellant's Br. at 10. He asserts that the Commonwealth violated his constitutional rights by presenting only hearsay evidence at his Preliminary Hearing. Id. at 10-13.
>
> Appellant did not raise this claim in his Rule 1925(b) Statement. As a result, this issue is waived. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement ... are waived").
>
> Order affirmed.

2021 WL 1617108 at *1-2 (footnotes omitted).

The petitioner's Petition adds the information that his plea counsel was Ashlan Clark, Esquire, of the Public Defender's Office, and his second PCRA counsel was Richard Corcoran, Esquire.

The Petition is a *pro se* effort that does not make its points clearly, but it can be best described as raising the single claim that Clark's representation through the guilty plea stage was ineffective. According to petitioner, the Commonwealth presented its case at the preliminary hearing stage by calling the mother of the victim and an examining psychologist, but not the victim. According to petitioner, this presentation of only hearsay testimony at the preliminary hearing violated the Confrontation Clause, and Clark was ineffective for not challenging the charges on that basis.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, allows a federal court to issue a writ of habeas corpus to a person

challenging a state court criminal conviction and sentence if the petitioner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a); *see* Howell v. Superintendent Rockview SCI, 939 F.3d 260, 264 (3d Cir.2019).

AEDPA codifies several longstanding limitations on the power to issue a writ of habeas corpus. Because state courts have the initial role in considering federal constitutional challenges to state convictions, *see* Castille v. Peoples, 489 U.S. 346, 349 (1989), the petitioner must first fairly present to the state courts the same legal arguments addressing the same factual context that the petitioner presents to the federal court. *See* Baldwin v. Reese, 541 U.S. 27, 30-33 (2004); Duncan v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). Therefore, 28 U.S.C.§ 2254(b)(1) and (2) permit this court to deny a writ of habeas corpus sought on a claim that a petitioner's custody is unlawful but do not permit this court to grant a writ of habeas corpus unless the petitioner has exhausted the remedies available for such claims in state court or has shown that there are no remedies effective to protect the petitioner's rights. In Pennsylvania, exhaustion of a federal habeas claim requires that the claim be fairly presented at least to the Pennsylvania Superior Court. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir.2004), cert. denied, 544 U.S. 1063 (2005).

Claims based on federal law that the state courts do not deny on the merits due to a failure to present them in the manner required by state procedure ordinarily are considered procedurally defaulted. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). They cannot be reviewed in a federal habeas proceeding unless the petitioner shows either a miscarriage of justice or cause for his default and prejudice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Showing "cause" for a procedural default typically requires proof that the default occurred because counsel was ineffective at a stage of the proceeding at which the petitioner was entitled to the effective assistance of counsel, or the factual basis for a claim was not available, or state officials made compliance with the procedural rule impracticable. See Murray v. Carrier, 477 U.S. 478, 488 (1986).

To be an adequate and independent state procedural bar to the entertainment of federal claims, a state's rule must have been "firmly established and regularly followed" at the time it was applied. Ford v. Georgia, 498 U.S. 411, 424 (1991). The Supreme Court has indicated that factors to consider whether a state's rule is adequate include whether compliance with the rule would have made a difference to the state court's ruling, whether published decisions alerted similarly situated litigants to the rule and the consequences for violating it, and whether there was substantial compliance with the rule. *See* Lee v. Kemna, 534 U.S. 362, 381–82 (2002)(Missouri rules requiring continuance motions to be written and accompanied by an affidavit were not adequate to bar habeas review where there was substantial compliance with the rule, no published case directed perfect compliance in the same context, and even perfect compliance with the rule would have made no difference under the circumstances). The fundamental question is whether the rule was regularly and predictably applied at the time. See Nolan v. Wynder, 363 Fed.Appx. 868, 871 (3d Cir.2010)(Pa.R.App.P 2116(a) prescribing page limitations was not an adequate bar to habeas review where at the time of violation Pennsylvania courts "routinely addressed the substantive merits of claims despite a party's failure to comply with the mandatory page

limitation.")

Petitioner agrees with the Superior Court that he presented his Confrontation and Due Process claim for the first time on appeal from the denial of his second PCRA petition, *see* Petition at 6A, and then spends the next six pages of the Petition arguing why the state court's finding that the claim was defaulted is not supported by an adequate and independent state ground. The next four pages argue why Martinez v. Ryan, 566 U.S. 1 (2012)(inadequate assistance of counsel at initial-review collateral proceedings may establish cause to excuse procedural default of a claim of ineffective assistance at trial) and the plain error doctrine also permit this court to reach the Confrontation and Due Process claim.

Petitioner's attempt to excuse his procedural default is unavailing. For at least twenty years the regularly followed rule in Pennsylvania is that issues not included in a Rule 1925(b) statement are considered waived. *See e.g.* Commonwealth v. Lord, 719 A.2d 306, 308 (Pa. 1998). The default occurred in the appeal from the denial of his second collateral attack on the guilty plea, so petitioner cannot show cause external to him that would excuse his default.

But even if petitioner's default were excused the Confrontation Clause claim would not succeed either in its own right or as the basis for an ineffectiveness claim against Clark for two separate reasons. First, any Confrontation Clause challenge that Clark might have made would have been waived by the entry of the guilty plea. Petitioner presents nothing about Clark's stewardship of the case that allows the inference that even if the Commonwealth relied solely on hearsay evidence at the preliminary hearing the negotiation of a guilty plea was not effective representation. Every guilty plea waives some legal defenses and admits that the defendant is guilty: the mere identification by petitioner of a potential defense that was waived by his guilty plea does not in any way state a Sixth Amendment claim.

Second, what petitioner characterizes as a Confrontation Clause or Due Process Clause Claim arises from a decision in 2020 in which the Pennsylvania Supreme Court held as a matter of Pennsylvania law that "hearsay evidence alone is sufficient to establish a prima facie case at a preliminary hearing." Commonwealth v. McClelland, 233 A.3d 717, 721 (Pa. 2020). There has been for the last thirty years a vigorous debate in Pennsylvania about the extent to which hearsay can be used as the basis for holding charges for court. In Com. ex rel. Buchanan v. Verbonitz, 581 A.2d 172 (Pa. 1990), a plurality opinion of the Pennsylvania Supreme Court dismissed a charge of statutory rape that had been bound over for trial following a preliminary hearing at which the sole witness was the investigating police officer, holding that Commonwealth did not meet its burden of establishing a *prima facie* case by relying solely upon hearsay testimony.  Subsequent amendments - by subsequent Pennsylvania Supreme Courts - of the procedural rules governing preliminary hearings, specifically Pa. R. Crim. P. 542, left lawyers and the Pennsylvania Superior Court with the understanding that Verbonitz had been superseded or at least limited. Assuming McClelland to have announced a stable consensus as of July 2020, it was hardly ineffectiveness on Clark's part in 2018 not to predict McClelland. And if Clark had predicted McClelland, the Pennsylvania Supreme Court made it clear in that case that the remedy for any violation was a new preliminary hearing, not dismissal of charges with prejudice. Petitioner does not attempt to

suggest why that would not have occurred in his prosecution, thus bringing him back to the exact same plea. There can be no claim of ineffectiveness in the absence of evidence proving that the course of action Clark did take "fell below an objective standard of reasonableness" and that counsel's inadequacy rendered the result "unreliable." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Here, there is not even an allegation that would support either element.

In Slack v. McDaniel, 529 U.S. 473, 484–85 (2000), the Supreme Court concluded that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Because jurists of reason would not debate the correctness of the state court finding of procedural default, no certificate of appealability is issued.

The Clerk shall mark this matter closed.

DATE: January 25, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Joseph Todaro, Sr. NP-1973
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16823